O

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **RICARDO ORTIZ and** | § | |
| **LAURA DOVALINA,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DICEX INTERNATIONAL, INC.,** | § | |
| **FEDERAL EXPRESS CORPORATION,** | § | |
| **FEDEX TRADE NETWORKS** | § | |
| **TRANSPORT AND BROKERAGE, INC.,** | § | |
| **and** | § | **Civil Action No. L – 07 – cv – 27** |
| **ANTONIO LEYVA,** | § | |
| *Defendants*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HUMAN RESOURCES** | § | |
| **MANAGEMENT, INC., d/b/a AT-WORK** | § | |
| **PERSONNEL and** | § | |
| **CYNTHIA Y. RUIZ, Individually,** | § | |
| *Third Party Defendants.* | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the Court are a series of motions.[1]  They consist of Plaintiffs' Motion to

Remand [Dkt. No. 13]; Plaintiffs' Motion to Dismiss Third Party Complaint of Defendant, Dicex

International, Inc. For Lack of Subject Matter Jurisdiction Subject to Plaintiffs' Motion to Remand

[Dkt. No. 14]; Defendant's Motion to Compel Contractual Arbitration and For Dismissal or

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system.  The
Court will cite to the docket number entries rather than the title of each filing.

1

Abatement of Suit Pending Arbitration [Dkt. No. 15]; Third-Party Defendants', Human Resources Management, Inc., d/b/a At-Work Personnel and Cynthia Ruiz, Joinder in Plaintiffs' Motion to Dismiss Third Party Complaint and for Sanctions [Dkt. No. 22]; and Third Party Defendants, Cynthia Ruiz' and Human Resources d/b/a At-Work Personnel's Motion to Sever and Memorandum in Support Thereof [Dkt. No. 34]. Having duly considered the motions, responses, replies, and applicable law, Plaintiffs' motion to remand is GRANTED. Third Party Defendants' motion to dismiss third party complaint is also GRANTED. All other pending motions are DENIED as moot.

## I. BACKGROUND

### A. Factual Background

Human Resources Management, Inc., d/b/a At-Work Personnel ("HRM"), provides temporary employees to various companies in Webb County, Texas for a fee. [Dkt. No. 22 at 18]. One of the companies in need of HRM's services was Dicex International, Inc. ("Dicex"). These entities, thus, had an oral agreement whereby HRM provided Dicex with temporary workers. *Id.*

In September of 2006, Plaintiff Ricardo Ortiz ("Ortiz") applied for employment with HRM. *Id.* at 13-14. HRM hired Ortiz. *Id.* At the time HRM hired Ortiz, Cynthia Y. Ruiz, HRM's Chief Executive Officer, told him that HRM did not carry workers' compensation insurance. *Id.* at 14. Instead of workers' compensation insurance, HRM adopted an employee and welfare benefits plan. *Id.* Ms. Ruiz avers HRM's benefits plan is defined under the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* Ortiz became eligible for the benefits plan upon accepting employment with HRM. *Id.*

2

Subsequently, Dicex contacted HRM and expressed interest in retaining Ortiz as a temporary worker. *Id*. Ortiz agreed to work temporarily for Dicex. *Id*. The agreement between HRM and Dicex to temporarily employ Ortiz was verbal. *Id*.

Ortiz alleges that on October 30, 2006, he was working in Dicex's warehouse. [Dkt. No. 1, Ex. 4 at 15]. Ortiz claims that on this date he was struck and ran over by a tractor operated by Defendant Antonio Leyva ("Leyva"), a Dicex employee. *Id*. Ortiz contends he suffered serious and permanent disabling injuries as a result of being hit and ran over. *Id*.

**B. Procedural History**

On February 2, 2007, Plaintiffs Ortiz and Laura Dovalina, Ortiz's wife, filed suit in the 111th Judicial District Court in Webb County, Texas. [Dkt. No. 1, Ex. 4]. Plaintiffs seek damages for their injuries resulting from the October 30th incident. Plaintiffs assert the legal theories of common law negligence, negligence per se, and gross negligence under Texas law. *Id.* ¶¶ V-VII. Particularly, Ortiz claims Leyva negligently operated the tractor and Dicex negligently maintained its warehouse premises. *Id.* ¶¶ VI, VII.

On March 5, 2007, Defendants Dicex and Leyva filed a Notice of Removal with this Court. [Dkt. No. 1].[2] They propose two jurisdictional theories. First, Defendants contend the Court has jurisdiction over the case because Plaintiffs' state law negligence claims are preempted by ERISA. *Id.* ¶ 3. Second, they allege Ortiz entered into a dispute resolution agreement with HRM, and said agreement is enforceable under the Federal Arbitration Act ("FAA"). *Id*. In other words, Defendants

---

[2] On March 6, 2007, Federal Express Corporation, FedEx Trade Networks Transport and Brokerage, Inc., consented and joined Dicex and Leyva's Notice of Removal. [Dkt. No. 3].

Complete diversity of citizenship does not exists in this case because Plaintiffs and some of the named defendants are citizens of the same state – Texas. [Dkt. No. 1, Ex. 4 at 13-14].

assert removal is proper under 28 U.S.C. § 1441 because Plaintiffs' claims arise under federal law, creating federal question jurisdiction.[3]

On March 22, 2007, Dicex filed a third party complaint against HRM and Cynthia Y. Ruiz, individually.  [Dkt. No. 9].  It maintains the Court has jurisdiction to entertain the third party complaint under ERISA and the FAA.[4]  *Id.* ¶ 4.  Dicex alleges causes of action against HRM and Ruiz for failure to procure workers' compensation insurance, breach of contract, and seeks to enforce the ERISA plan under which Ortiz is a participant.  *Id.* ¶¶ 17-20.

On April 4, 2007, Plaintiffs filed a motion to remand, contending this Court lacks subject matter jurisdiction over their claims.  [Dkt. No. 13].  They assert their case hinges on Texas law. Plaintiffs specify their claims of common law negligence, negligence per se, and gross negligence do not reference or relate to HRM's ERISA plan; are not preempted by ERISA; and are unaffected by the FAA.  *Id.* at 6-7.

On April 11, 2007, Plaintiffs filed a motion to dismiss Dicex's third party complaint against HRM and Ruiz.  [Dkt. No. 14].  After incorporating the same arguments raised in their motion to remand, Plaintiffs allege the Court lacks jurisdiction to entertain Dicex's third party complaint.  *Id.* ¶¶ 5-6.

---

[3] 28 U.S.C. § 1441(b) states: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[4] These are the same federal statutes cited by Defendants in their Notice of Removal.

4

On April 12, 2007, Dicex filed a motion to compel Ortiz to arbitrate with Defendants. [Dkt. No. 15]. Dicex alleges Ortiz entered into a Dispute Resolution Agreement with third party defendant HRM.[5]  *Id.* ¶ 1.  The agreement, according to Dicex, is part of the worker benefits plan instituted under ERISA.  *Id.*  Dicex further alleges Plaintiffs' claims are subject to the written agreement to arbitrate, and that arbitration is enforceable under the FAA. *Id.* ¶ 7.  In essence, Dicex asks the Court to order Plaintiffs to arbitrate with Defendants pursuant to the written agreement.  *Id.*

On April 30, 2007, third party defendants, HRM and Ruiz, joined Plaintiffs' motion to dismiss the third party complaint against them and offered additional arguments. [Dkt. No. 22].  The main thrust of HRM and Ruiz's motion is that Dicex, who is not a participant, beneficiary, or fiduciary of the ERISA plan, entered into by Ortiz and HRM, lacks standing to assert a cause of action to enforce the ERISA plan.  *Id.* at 6.  They thus pray the Court dismiss the third party complaint.

## II. DISCUSSION

The main issue for the Court to decide is whether it has jurisdiction over the parties' removed case.  In deciding this important matter, the Court will first address Plaintiffs' motion to remand. The Court will then consider the motion to dismiss the third party complaint.

### A. Plaintiffs' Motion to Remand

The party removing the case to federal court has the burden to establish that federal jurisdiction exists.  *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1988). Removal under 28 U.S.C. § 1441(b) is appropriate only for claims within the federal question

---

[5] A copy of the Dispute Resolution Agreement can be found on page 8 of Docket Number 15.

jurisdiction of the district courts, that is, for those actions "arising under the Constitution, laws, or treaties of the United States." *Id.* at 366 (quoting 28 U.S.C. § 1331).

Here, Defendants removed the case from state court to this Court, citing § 1441(b).  [Dkt. No. 1, ¶ 4].  They bear the burden of establishing the Court's subject matter jurisdiction.  As explained above, Defendants allege jurisdiction exists because Plaintiffs' negligence claims are preempted by ERISA or covered by the FAA.  *Id.* ¶ 3.

Plaintiffs contend the case should be remanded because ERISA does not preempt their common law negligence causes of actions.  Plaintiffs rely on *Hook v. Morrison Milling Co.*, 38 F.3d 776 (5th Cir. 1994), and *Woods v. Texas Aggregates, LLC*, 459 F.3d 600 (5th Cir. 2006).  The Court will address the applicability of *Hook* and *Woods* while discussing ERISA generally.

Before delving into the ERISA allegations and that statute's application to the present case, the Court must clarify a significant point.  In this case Plaintiffs have not sued HRM; the provider of the ERISA plan.[6]  Plaintiffs sued Dicex and others.  It is important to note, therefore, that Dicex is not being sued under an ERISA plan that it provides, administers, manages, or participates in.[7]  As discussed in more detail below, *see infra* Part II.B., Dicex's relationship to HRM's ERISA plan, is at best an attenuated one.  However, out of extreme caution, the Court will assume that HRM's oral agreement to provide temporary workers to Dicex, and Dicex's actions of temporarily retaining Ortiz, somehow extended the protections/limitations of HRM's ERISA plan to Dicex.

_____

[6] Ruiz, HRM's CEO, avers she is the "only" administrator of HRM's ERISA plan, and that "Ortiz is a participant of the ERISA Plan by virtue of his employment with [HRM]."  [Dkt. No. 29 at 12].

[7] According to Ruiz, Dicex is not an administrator, beneficiary, or fiduciary of its ERISA plan, and has not been designated by any participant as a beneficiary, nor has Dicex been named as a fiduciary of its ERISA plan.  [Dkt. No. 29 at 12].

### 1. ERISA

When a plaintiff files a claim under state law, and the claim relates to an ERISA plan, ERISA preempts that state law claim.  29 U.S.C. § 1144(a).  According to the Fifth Circuit, there are two sections of ERISA that might operate to preempt a party's state law cause of action:  § 514(a) and § 502(a).  *See Woods v. Texas Aggregates, LLC*, 459 F.3d 600, 602 (5th Cir. 2006).  The Court considers § 514(a) first.

### i. ERISA § 514(a)

Courts analyzing preemption issues under § 514(a) must initially ask whether the benefits plan at issue constitutes an ERISA plan; if it does constitute an ERISA plan, courts must then determine whether the state law claims "relate to" the plan.[8]  *Hernandez v. Jobe Concrete*, 282 F.3d 360, 362 n.3 (5th Cir. 2001). Here, there is no dispute that HRM's benefits plan is governed by ERISA.

To determine whether the state law claims "relate to" a plan, courts must ask: (1) whether the state law claims address areas of exclusive federal concerns, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional ERISA entities (i.e., the employer, the plan and its fiduciaries, and the participants and beneficiaries).  *Mem. Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990).

In applying the "relate to" factors, the Court is bound by *Hook v. Morrison Milling Co.*, 38 F.3d 776 (5th Cir. 1994).  In *Hook*, Roxanne Hook sued her employer, Morrison Milling Company

---

[8] Section 514(a), in pertinent part, states: "[T]he provisions of this title and title IV shall supersede any and all State laws insofar as they may now and hereafter relate to any employee benefit plan described in [29 U.S.C. § 1003(a)] and not exempt under [29 U.S.C. § 1003(b)]."  29 U.S.C. § 1144(a).

7

("MMC"), in state court, claiming MMC negligently failed to maintain a safe work place. *Id.* at 779. MMC removed to federal court. *Id.* Hook moved to remand the case contending that the negligence action was governed by state law. *Id.* The district court granted Hook's motion to remand, and held that Hook's negligence action was not preempted by ERISA because it did not relate to MMC's ERISA plan. *Id.* MMC appealed. *Id.*

In affirming the district court's decision to remand, the Fifth Circuit held that Hook's common law negligence claim did not "relate to" MMC's ERISA plan and was therefore not preempted by ERISA. *Id.* at 786. It was not preempted by ERISA because it only affected her employer/employee relationship with MCC and not her administrator/beneficiary relationship with the company. *Id.* at 783. Hook's claim was therefore independent from the existence and administration of her employer's ERISA plan. *Id.* at 784. The Court further explained that Hook neither sought benefits under the plan nor claimed that her employer improperly processed her claim for benefits. *Id.* According to the Court, Hook sought only damages for her employer's negligent maintenance of its workplace. *Id.* The Court also concluded that "ERISA's preemptive scope may be broad but it does not reach claims that do not involve the administration of plans, even though . . . the claim relies on the details of the plan." *Id.*

Here, the Court concludes – like in *Hook* – that the state law negligence claims raised by plaintiffs Ortiz and Dovalina do not "relate to" HRM's ERISA plan. Ortiz's claims only affect his employer/employee relationship, assuming there is one, with Dicex and not the administrator/beneficiary relationship between Ortiz and HRM. Plaintiffs do not seek benefits under HRM's benefits plan nor claim that HRM improperly processed Ortiz's claim for benefits. According to Plaintiffs, they "simply seek to recover damages for injuries [Ortiz] sustained as a

result of Defendants' [Dicex and Leyva's] breach of duty pursuant to state law." [Dkt. No. 13 at 6].

Therefore, the Court concludes Plaintiffs' negligence claims are not preempted by ERISA's § 514(a).

### ii. ERISA § 502(a)

The Court now turns to ERISA § 502(a), which might sometimes operate as an independent

ground for preemption where § 514(a) is inapplicable. *See Arana v. Ochsner Health Plan*, 338 F.3d

433, 438-40 (5th Cir. 2003)(en banc). Section 502(a) authorizes a participant or beneficiary "to

bring a civil action . . . to recover benefits due him under the terms of his plan, to enforce his rights

under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

29 U.S.C. § 1132(a)(1)(B).

In *Woods v. Texas Aggregates, LLC*, 459 F.3d 600, 601 (5th Cir. 2006), James Woods sued

his employer, Texas Aggregates, in state court. Woods alleged he suffered work-related injuries as

a result of Texas Aggregates' negligent maintenance of its workplace. *Id.* Texas Aggregates did not

participate in a workers' compensation system, but instead maintained a benefits plan governed by

ERISA. *Id.* Texas Aggregates removed the case to federal court, arguing Woods sought damages

that duplicated the benefits available under its benefits plan and were thus preempted by ERISA.

*Id.* Woods moved to remand the case back to state court. *Id.* The district court denied the request,

ordered the parties to arbitrate, as was provided by the plan, and dismissed the case. *Id.* Woods

appealed. *Id.*

The Fifth Circuit reversed the district court's decision. *Id.* at 604. In reaching its conclusion,

the Court first addressed *Hook v. Morrison Milling Co.*, and held that the state law claim raised by

Woods did not "relate to" Texas Aggregates' ERISA plan and therefore was not preempted by

ERISA's § 514(a). *Id.* at 602-03. The Court then addressed § 502(a). *Id.* at 603. The Court

9

concluded § 502(a) encompasses claims to "recover," "enforce," or "clarify" that which is owed an employee under an ERISA plan.  *Id.*  These claims, according to the Court, will rarely differ from the claims that "relate to" an ERISA plan under § 514(a).  *Id.*  Because Texas Aggregates did not offer a compelling reason why the Court should employ § 502(a) to find preemption of Woods's claim that did not "relate to" an ERISA plan, the Court found preemption improper.  *Id.*

The language of § 502(a), the Court determined, also counseled against complete preemption.  *Id.* at 603-04.  The Court stated,

> By this suit Woods does not seek to recover benefits due him under the plan, to enforce his rights under it, or to clarify his rights to future benefits under it.  Rather, he hopes to recover damages for injuries he suffered as a result of Texas Aggregates' alleged breach of its duty to provide him with a safe workplace.  His cause of action would exist, in precisely the same form as it was pleaded in state court, even if there were no such thing as the Texas Aggregates ERISA plan.  ERISA does not preempt such claims.

*Id.* at 604.  The Court ultimately determined Woods's state law negligence claim did not raise a federal question, meaning the district court was without jurisdiction to deny the motion to remand and to order arbitration.  *Id.*  The Fifth Circuit vacated, and remanded the case to the district court with instructions that the same be remanded to state court.  *Id.*

In the instant case, the Court, like in *Woods*, concludes § 502(a) does not preempt Ortiz and Dovalina's negligence causes of action.  The Court finds no compelling reason why it should employ § 502(a) to find preemption.  Additionally, Plaintiffs do not seek to recover benefits under HRM's plan, nor to enforce or clarify rights under the plan.  Rather, Plaintiffs seek to recover damages for the injuries Ortiz suffered when he was struck and ran over by a Dicex employee, in Dicex's warehouse.  Because Plaintiffs' causes of action would exist in state court, even without HRM's benefits plan, ERISA does not preempt their claims.

Dicex and Leyva, in their response to Plaintiffs' motion to remand, do not address the applicability of *Hook* and *Woods*. Instead they merely state, without citation to authority, that "Plaintiffs' claims as presented, directly affect the ERISA plan because the plan expressly provides and limits the remedies to Plaintiff Ricardo Ortiz for the type of claim raised by his pleadings." [Dkt. No. 21, ¶ 2]. For the reasons enumerated above, the Court finds Defendants' allegations unpersuasive because *Hook* and *Woods* are virtually indistinguishable from the facts of this case. Moreover, "ERISA's preemptive scope . . . does not reach claims that do not involve the administration of plans, even though . . . the claim relies on the details of the plan." *Hook*, 38 F.3d at 784; *Acevedo v. Heredia*, No. SA-04-CA-452-XR, 2004 U.S. Dist. LEXIS 10769, at *88 (W.D. Tex. June 9, 2004)("Although Defendants argue that ERISA preempts Plaintiff's claims because he seeks medical care and expenses, which would be available under the plan, this same argument was advanced and rejected [by the Fifth Circuit in *Hook*].").

## 2. FAA

Defendants' FAA jurisdictional argument is misplaced. Defendants contend federal question jurisdiction exists because Ortiz entered into a dispute resolution agreement with HRM, and said agreement is enforceable under the FAA. [Dkt. No. 1, ¶ 3]. The Court concludes the FAA does not, on its own, supply federal question jurisdiction. *See Woods*, 459 F.3d at 601, 604 (vacating district court's order compelling parties to arbitrate, as provided by the employer's benefits plan, because district court was without jurisdiction to entertain plaintiff's non-ERISA state law claims); *Shirley v. Maxicare Texas, Inc.*, 921 F.2d 565, 567-68 (5th Cir. 1991)(explaining that lack of subject matter jurisdiction precludes district courts from ordering parties to arbitrate); *Excel Telcoms. v. Banks*, No. 3:96-CV-3010-R, 1997 U.S. Dist. LEXIS 4852, at *2 (N.D. Tex. Mar. 11, 1997)("[T]he FAA does

11

not confer federal question jurisdiction upon federal district courts. Rather, there must be an independent basis of federal jurisdiction for a federal court to order arbitration pursuant to the FAA.").

In summary, the Court lacks jurisdiction over Plaintiffs' claims. Defendants, the parties invoking removal, did not meet their burden of establishing the Court's subject matter jurisdiction in this case. The Court will therefore grant Plaintiffs' motion to remand.

**B. Motion to Dismiss Third Party Complaint**

Third party defendants HRM and Ruiz, in their motion to dismiss the third party complaint, contend Dicex lacks <u>standing</u> to assert a cause of action to enforce the ERISA plan. [Dkt. No. 29 at 6]. They seek dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim under Rule 12(b)(6). *Id.* at 6-7.

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a district court to dismiss a case for lack of jurisdiction over the subject matter. FED.R.CIV.P. 12(b)(1). A Rule 12(b)(1) motion must be considered by the district court before other challenges since the court must find jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)(quotation marks and citations omitted). Standing is "essential to the exercise of jurisdiction." *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 349-50 (5th Cir. 1989).

Section 502 of ERISA specifies those who may bring actions under ERISA. The statute names only three classes of persons who may commence an action. These include: (1) a participant or beneficiary, (2) the Secretary of Labor; and (3) a fiduciary. 29 U.S.C. § 1132(a).

HRM and Ruiz allege Dicex lacks standing to sue because it is not a participant, beneficiary, or fiduciary of HRM's ERISA plan.  [Dkt. No. 22 at 6; Dkt. No. 29 at 12].  Dicex responds that it certainly qualifies as a "fiduciary" of the ERISA plan in place for Ortiz.  [Dkt. No. 28, ¶ 8].

Section 1002(21) of Title 29 provides, in pertinent part, that for purposes of ERISA, a person is a fiduciary with respect to a plan to the extent:

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such a plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).[9]

Addressing this particular statutory language, Dicex claims that it "certainly and de facto performed discretionary functions with respect to assets of the plan [because it was] Dicex that was funding . . . the ERISA plan [and] Dicex had the discretion to stop such funding at any time, either by termination of employment or by termination of its agreement with [HRM] . . . ." [Dkt. No. 28, ¶ 9].

The Court disagrees with Dicex's expansive definition of "fiduciary."  For example, Dicex has not shown that it exercised any discretionary authority or control respecting management of HRM's ERISA plan or assets; rendered any investment advice for a fee or other compensation, direct or indirect, with respect to any monies or other property of such plan, or had any authority or

---

[9] ERISA requires a fiduciary to "discharge his duties with respect to a plan solely in the interests of participants and beneficiaries."  29 U.S.C. § 1104(a)(1).  In doing so, a fiduciary must act "with care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."  29 U.S.C. § 1104(a)(1)(B).

responsibility to do so; or had any discretionary authority or discretionary responsibility in the administration of HRM's plan.  *See* 29 U.S.C. § 1002(21).  In fact, Ruiz's affidavit shows that she is the "administrator" of the ERISA plan; that HRM makes monthly payments for benefits under the plan; and that an employee terminated by Dicex continues to be covered under the ERISA plan as long as that employee is employed with HRM.[10]  [Dkt. No. 29 at 12, 13].  The Court therefore concludes Dicex is not a fiduciary with ERISA standing, meaning subject matter jurisdiction is lacking.

---

[10] *See supra* notes 6 and 7.

14

## III. CONCLUSION

The Court lacks jurisdiction to entertain the current case.  Accordingly, for the enumerated reasons state herein,

1.     Plaintiffs Ortiz and Dovalina's motion to remand is GRANTED [Dkt. No.13].

2.     Third Party Defendants HRM and Ruiz's motion to dismiss third party complaint is GRANTED [Dkt. No. 22].

3.     All other outstanding motions are DENIED as moot.

4.     This case is REMANDED to the state court.

5.     The Clerk of Court shall designate this case CLOSED.

It is so ORDERED.

Signed this 24th day of July, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**